## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD ARJUN KAUL** | : | |
| **Plaintiff,** | : | |
| | : | **No. 3:21-cv-00439 (VLB)** |
| **v.** | : | |
| | : | |
| **MICHAEL MURPHY, ET AL.,** | : | **April 23, 2001** |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER *SUA SPONTE* TRANSFERRING CASE

Plaintiff Richard Arjun Kaul, a resident of Pearl River, New York, brings this *pro se* action under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, alleging that Defendants conspired to deprive him of his license to practice medicine in the State of New Jersey. [ECF No. 1]. He names 11 identified persons and entities as Defendants, and his Complaint is 95 pages long, and includes 444 pages of exhibits. [ECF Nos. 1, 10, 13]. On April 8, 2021, Plaintiff filed an Amended Complaint, which is identical to his original Complaint except that it adds a "Certification," discussed *infra*. [ECF No. 10]. On April 20, 2021, Plaintiff filed a "RICO Case Statement," also discussed *infra*. [ECF No. 15]. For the following reasons, this action is transferred to the District of New Jersey.

The federal venue statute states that "[a] civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).  Under this statute, venue in this District is improper, because all Defendants do not reside here, and the events giving rise to Plaintiff's claims clearly occurred in New Jersey.[1]

Plaintiff has not asserted how venue is proper in this District in his Complaint, discussing only subject matter and personal jurisdiction.  [ECF No. 10 ¶¶ 12-15].  Moreover, Plaintiff's Amended Complaint and "RICO Case Statement" make clear that the events constituting the basis for his claims all occurred in the District of New Jersey.  For example, Plaintiff explains in his RICO Case Statement that "Defendant Christie funneled bribes he accepted from Kaul's physician/hospital/insurance/lawyer competitors in the minimally invasive spine surgery market, into 2008/2012 political campaigns to acquire and then maintain the 2009/2013 governorships of New Jersey, in order to control the enterprise of the State of New Jersey, the public funds of which he then diverted to parties/individuals who paid money into his 2016 campaign for the Republican nomination for the US Presidency."  [ECF No. 15 at 10-11].

---

[1]      For civil RICO claims, venue is governed by 18 U.S.C. § 1965(a), which states that the action "may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  To the extent Plaintiff invokes the federal civil RICO statute, venue may be proper in this District as several of the named Defendant's reside here.  But, as discussed, *infra*, the Court is still empowered to transfer this case.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

The district court should consider factors affecting the interest of justice and trial efficiency. *Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 331 (D. Conn. 2008); *Miller v. Meadowlands Inc.*, 822 F. Supp. 61, 66 (D. Conn. 1993). Among the factors ordinarily considered are: (1) the plaintiff's choice of forum, (2) the locus of operative facts, (3) the convenience of parties and witnesses, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and relative ease of access to sources of proof, and (6) the

3

relative means of the parties. *Blair*, 462 F.3d at 106-07; *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey, where most of the Defendants reside, and where both documentary evidence and witnesses are likely to be found. For example, the allegations against Defendant Michael Murphy, a Connecticut resident and medical doctor, are that he allegedly fraudulently offered an expert opinion against Plaintiff in a medical malpractice case in the New Jersey State Superior Court. "[T]he Court affords little weight to Plaintiff's choice of [forum] because his 'residence and the locus of operative facts are not in the selected forum.'" *Kaul v. Christie*, No. 2:16-cv-02364-JMV-JAD (D.N.J. Apr. 19, 2016), [ECF No. 19 (Sullivan, J.)].

Plaintiff amended his Complaint to add a Certification, which states that the Amended Complaint "is filed on the basis of new evidence/new injury that constitutes a 'new racketeering injury' and on evidence that the Defendants have perpetrated schemes of judicial corruption in the United States District Court for the District of New Jersey. This new evidence, which includes that of an injury in this district, substantiates that of a new claim in this district, pursuant to RICO." [ECF No. 15]. But a proper analysis considers where the underlying events occurred, not necessarily the location of "injury," and the Amended Complaint and

4

RICO Case Statement make clear that such underlying events occurred in New Jersey, not here.

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey.  *See* 28 U.S.C. § 1404(a).

The Court takes judicial notice that Plaintiff has also filed similar cases in the Southern District of New York, the District of Massachusetts, the Northern District of Georgia, and other federal courts.  Many of these have been transferred to the District of New Jersey.  *See Kaul v. Christie*, 2:16-cv-02364-JMV-JAD (D.N.J. Apr. 19, 2016), [ECF No. 19 (case originally filed in the Southern District of New York and transferred to the District of New Jersey by Judge Sullivan)].

For the foregoing reasons, the Court *sua sponte* transfers this case to the District of New Jersey.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: April 23, 2021

5